No. 36,692

THE MORRIS PLAN COMPANY OF KANSAS, *Appellant*, v. WAYNE K. BUTTEL et al., *Appellees*.

(175 P. 2d 100)

Opinion filed December 7, 1946.

*Robert H. Nelson,* of Wichita, argued the cause, and *Julian E. Ralston, Austin M. Cowan,* and *W. A. Kahrs,* all of Wichita, were with him on the briefs for the appellant.

*John B. Bryant,* of Wichita, argued the cause, and *B. Mack Bryant,* of Wichita, was with him on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action in replevin for a described automobile. Plaintiff claimed title by virtue of a chattel mortgage

dated December 12, 1944, executed by Earl Clarence Holmes. Defendant filed an affidavit in which he stated that a third party, to wit, Lucille I. Holmes, without collusion with defendant claimed the subject matter of the action; that she had left the automobile in his possession for safe keeping, to be delivered to her upon demand, and asked that she be required to appear in court and maintain or relinquish her claim, and that he was ready to deliver it to whomsoever the court might order. Lucille I. Holmes, by leave of court, filed an interplea in which she alleged that she was the lawful owner of the described automobile and had a certificate of title of ownership, as provided by the laws of Kansas, and further alleged that on December 12, 1944, she was the lawful wife of Earl Clarence Holmes; that the purported mortgage was given without her knowledge or consent; that the automobile at the time was exempt property; that the mortgage was not signed by her, and that the mortgage was void under our statute (G. S. 1935. 58-312). Plaintiff answered the interplea and specifically admitted that the mortgage was not signed by Lucille I. Holmes, but alleged that prior to December 12, 1944, Mr. and Mrs. Holmes had entered into an oral separation agreement in settlement of their property rights, by the terms of which Lucille I. Holmes had relinquished her right, title and interest to the automobile, and that since the death of Earl Clarence Holmes Lucille I. Holmes had by her actions ratified and confirmed said property settlement agreement, and that by virtue of those facts she was barred from claiming any right or title to the automobile. A trial by jury was waived. The court heard the evidence and made findings of fact and conclusions of law and rendered judgment for the intervenor. Plaintiff has appealed.

The record discloses that Earl Clarence Holmes and his wife were married September 24, 1936, and had lived together as husband and wife until shortly before the date of the mortgage in question. They moved to Wichita sometime in January, 1944, and Mr. Holmes obtained employment with the Boeing Aircraft Company. Sometime before the date of the mortgage Mrs. Holmes had entered the army service of the United States as a WAC, and the parties, by agreement, had divided their property, which appears to have consisted only of household goods, an automobile and their personal effects. That was the situation when the mortgage was given. On the date of the mortgage the automobile was being used by Mr. Holmes in his business. He went to the plaintiff bank,

wanted to borrow $1,100, and secure it by a mortgage on the automobile. In answer to questions he told the manager of the bank that he was married, but separated from his wife. He was told that his wife would have to sign the mortgage and was asked if it could not be sent to her for her signature. He replied that he did not know her address. He told the bank he was employed by the Boeing firm, had been for about a year, held a position as foreman, and was drawing $580 per month. The bank made the loan and the mortgage was signed by Mr. Holmes only. On the same date, or shortly before, he went to a firm of attorneys in Wichita and had them prepare for him a petition in an action for divorce against his wife, which petition was not to be filed until he had completed a year's residence in Kansas. That petition alleged that he and Mrs. Holmes were husband and wife, stated statutory grounds for divorce, that no children had been born to them, and that they had previously adjusted their property rights and had liquidated all their property, with the exception that plaintiff owned a described automobile, which was his sole property, and that defendant owned certain other property. The prayer was for a judgment for divorce and that the automobile be set aside to plaintiff as his sole property. On December 12, 1944, the attorney sent a copy of the divorce petition to "Pvt. Lucille Holmes, A712560, Co. 5, Third Regt. Army Post Branch, Ft. Des Moines, Iowa," together with an entry of appearance and the form of a suggested decree that the court would be asked to approve. Mrs. Holmes was asked to sign the entry of appearance as of a date not earlier than January 10, 1945, and return it to Mr. Holmes' attorney, and she was requested to make any inquiries, if she desired to do so, concerning the matter. She replied by letter, the date of which is not shown in the abstract, and asked for information concerning some of the provisions of the proposed decree, and retained the entry of appearance until she could learn further about the matter. The entry of appearance was never signed by Mrs. Holmes, the petition for divorce was never filed, and of course no decree of divorce was issued.

Mr. Holmes died about January 16, 1945. There was no administration upon his estate. Mrs. Holmes came to Wichita and was there several days. About January 20 or 21 she had learned something of the mortgage on the automobile and went to the plaintiff to inquire about the amount of it, and talked about selling it and getting her equity out of it. On January 22 she made applica-

tion to have the title of the automobile changed to her name and made an affidavit reciting the death of Mr. Holmes, that no probate proceedings had been had upon his estate for the reason that none was necessary; that Mr. Holmes at the time of his death was the owner of the described automobile and had a certificate of title thereto; that he left surviving him Lucille I. Holmes as his only heir at law; that she was his surviving spouse and as such claimed title to the vehicle under G. S. 1945 Supp. 59-503, and asked to have the certificate of title changed to her name. This was done. Apparently she left the automobile with defendant herein for safe keeping until she asked for it.

The above general statement is taken from the trial court's findings of fact and from exhibits shown in the record. Mrs. Holmes was not present at the trial, being unable to get a leave of absence.

From this evidence the trial court concluded that the property settlement agreement between Mr. Holmes and his wife was fully executed by both parties; that the automobile in question was exempt property, and that the mortgage executed by Mr. Holmes on December 12, 1944, was invalid and in violation of G. S. 1935, 58-312. Judgment was rendered accordingly.

We think the trial court was correct. The statute in question (G. S. 1935, 58-312) reads:

"It shall be unlawful for either husband or wife (where that relation exists) to create any lien, by chattel mortgage or otherwise, upon any personal property owned by either or both of them, and now exempt by law to resident heads of families from seizure and sale upon any attachment, execution or other process issued from any court in this state, without the joint consent of both husband and wife; and from and after the time when this act shall take effect no such mortgage of personal property shall be valid unless executed by both husband and wife: *Provided,* That this act shall not be construed to invalidate any such mortgage or other lien except so far as relates to the exempt property covered thereby."

In its present form its effective date was May 1, 1901.

Appellant argues that Mr. Holmes had a right, on December 12, 1944, to mortgage the property as his own in view of the oral property settlement previously made between him and his wife. The record does not sustain that view. It is nowhere suggested in this record that either of the parties to it agreed to give up the right to inherit property from the other; and in the petition for divorce, prepared not later than the date of the mortgage, Mr. Holmes was seeking an adjudication in a suit to be filed in about a month that

the automobile was his sole separate property. More than that, the statute applies to exempt personal property without regard to whether the title is in the name of the husband or of the wife.

Appellant cites authorities to the effect that a court of equity may enforce an oral contract for division of property and that "valid" agreements for a division of property cannot be set aside on the death of either of the parties. The authorities are not in point. This is not a suit in equity between the parties to the agreement for its enforcement. More accurately speaking, it is an action at law; and there was no agreement, either valid or otherwise, respecting inheritance of one from the other.

Upon the question of appellee's estoppel by reason of her talk after the death of her husband with plaintiff's officials, appellant cites and relies heavily upon the case of *Hess-Harrington, Inc. v. State Exchange Bank*, 155 Kan. 118, 122 P. 2d 739. The facts are so different that the case is not helpful to appellant. In that case one Moncrieff and his wife were residents of Kansas City, Mo., on April 4, 1939. On that date Moncrieff gave the plaintiff, a finance company of Kansas City, Mo., a mortgage upon a described automobile. His wife did not sign the mortgage. In August of that year Moncrieff and his wife moved to Woodson county, Kansas, where he conducted a retail shoe store. In June, 1940, he applied to the defendant bank of Yates Center for a loan on his car, representing it to be free of encumbrances. The bank examined the records of Woodson county and found no mortgage against the car. It made the loan. Moncrieff made some payments both to the plaintiff and to the defendant. In October, 1940, Moncrieff went to Kansas City and executed a new note for the balance due plaintiff and a new mortgage, which was not signed by his wife. This mortgage was duly recorded in Woodson county in November, 1940. Within a few months thereafter Moncrieff and his wife went to the defendant bank, told its officers they could not pay the balance due to the bank, delivered the car to them and turned over the keys to the car, with instructions for the bank to sell the car and retain the balance due it out of the sale price. Moncrieff went into bankruptcy. With the situation in that shape the Missouri Finance Corporation brought a replevin action against the bank at Yates Center. Neither Moncrieff nor his wife was a party to the action. It was tried upon the theory that the pertinent statutes of Missouri were the same as those of Kansas. The question before the court

was the priority of liens. The trial court resolved that in favor of the bank at Yates Center. We affirmed it. Under the pleadings and evidence perhaps it was not necessary for this court to refer to or interpret our statute (G. S. 1935, 58-312), but the court did so and said in effect the statute required only joint consent. "It does not in words require the wife to sign mortgages on the husband's exempt property." (p. 123.) A paragraph of the syllabus embodied that view. Clearly, the statement was inaccurate, as a reading of the statute shows. The invalidity of any of the mortgages because the mortgagor's wife did not sign the same was not raised in any of the pleadings. The question appears never to have been presented to the trial court or ruled upon by it, and appellant did not assign it as one of the specifications of error, but it was briefly mentioned in appellant's brief. Perhaps the court was lulled into a cursory examination of the statute in view of the fact that counsel did not deem it important in the determination of the case. But whatever the reason was, the statement in the opinion above quoted, and the paragraph of the syllabus upon that point, are inaccurate and are therefore disapproved.

We find no error in the record. The judgment of the court below is affirmed.

BURCH, J., not participating.